FILED
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 04 2011 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN DOE an infant by his mother and natural guardian, JANE DOE, and JANE DOE, individually,

                Plaintiff(s),

-against-

CONGREGATION KEHILAS JAKOB
and JACEK MARCZEWSKI,

                Defendant(s)
----------------------------------------------------------------X

**NOTICE OF REMOVAL**

QUEENS COUNTY
STATE COURT
INDEX NO.: 700521/2011

CV 11 5407
JOHNSON, J.

Defendant, Congregation Kehilas Jakob, by and through its attorneys, Miranda, Sambursky, Slone Sklarin Verveniotis LLP, respectfully state upon information and belief:

1. On or after October 12, 2011, CONGREGATION KEHILAS JAKOB (hereinafter "Congregation") received the Summons and Verified Complaint in the action which is currently pending in the Supreme Court of the State of New York, Queens County (the "Complaint"). A copy of the Complaint is annexed hereto **Exhibit "A"**. This constitutes all of the prior pleadings and there has not been a trial of this action.

2. According to the Complaint, plaintiff is seeking twenty-five million dollars ($25,000,000) in damages for personal injuries allegedly sustained from approximately 2006 through September 30, 2008. See Exhibit "A".

3. Plaintiff is a resident of the State of New Jersey.

4. CONGREGATION is a religious institution with its principal place of business in Far Rockaway, New York.

5. Upon information and belief, the co-defendant is a resident of the State of New York.

6. Because there is diversity between the plaintiff and defendants herein, this action may be removed to the District Courts of the United States. 28 U.S.C. 1332.

7. The Eastern District of New York embraces Queens County, where the underlying action was brought and where the defendants reside. This action does not fall within any class of action which is prevented from, or limited in, the right of removal.

DATED: November 3, 2011

          MIRANDA SAMBURSKY SLONE
          SKLARIN VERVENIOTIS LLP
          Attorneys for Defendant
          CONGREGATION KEHILAS JAKOB

          Neil L. Sambursky (NS-8520)
          240 Mineola Boulevard
          Mineola, New York 11501
          (516) 741-7676
          Our File No.: 11-345

TO:

RONEMUS & VILENSKY
Robert Vilensky
**Attorneys for Plaintiff**
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070

2

Case 1:11-cv-05407-SJ-RER   Document 1   Filed 11/04/11   Page 3 of 11 PageID #: 3

FILED: QUEENS COUNTY CLERK 08/23/2011
NYSCEF DOC. NO. 1

INDEX NO. 700521/2011
RECEIVED NYSCEF: 08/25/2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X
JOHN DOE an infant by his mother and natural guardian,
JANE DOE and JANE DOE, individually,

Index No.: 700521 - 11
Date Filed: 8-23-11

Plaintiff(s),

-against-

**SUMMONS**

CONGREGATION KEHILAS JAKOB, and JACEK
MARCZEWSKI,

Defendant(s).
----------------------------------------------------------------X

**To The Above Named Defendant(s):**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is defendants' addresses all defendants are at. 821 ROOSEVELT COURT FAR ROCKAWAY, NY

Plaintiff resides at 21 LAKE AVENUE EAST BRUNSWICK, NJ

Dated: New York, New York
August 22, 2011

Yours, etc.,

Robert Vilensky
RONEMUS & VILENSKY
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
JOHN DOE an infant by his mother and natural guardian,
JANE DOE, and JANE DOE, individually,

                                  Plaintiff(s),

      -against-

CONGREGATION KEHILAS JAKOB and JACEK
MARCZEWSKI,

                                Defendant(s).
------------------------------------------------------------------X

Index No.: 700521/11
Date Filed: 8-23-11

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys RONEMUS & VILENSKY, complaining of the defendants herein, respectfully shows to the Court, and allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

1. That this action falls within one or more of the exemptions set forth in CPLR §1602.

2. That all times herein mentioned defendant Congregation Kehil Jakob hereinafter referred to as Congregation was a religious institution organized and existing under the laws of the State of New York.

3. That at all times herein mentioned Congregation owned the premises located at 821 Roosevelt Court, Far Rockaway, NY (hereinafter referred to as the premises).

4. That at all times herein mentioned, defendant Congregation operated the aforesaid premises.

5. That at all times herein mentioned, defendant Congregation managed the aforesaid premises.

6. That at all times herein mentioned, defendant Congregation controlled the aforesaid premises.

7. That at all times herein mentioned, defendant Congregation maintained the aforesaid premises.

8. That at all times herein mentioned, it was the duty of defendant Congregation to keep aforesaid premises in a safe and proper manner.

9. That at all times herein mentioned, defendant Jacek Marczewski was an employee of Congregation.

10. That all times herein mentioned the infant plaintiff, JOHN DOE was lawfully on the aforesaid premises.

11. That at all times herein mentioned while lawfully on the aforesaid premises, and specifically from approximately 2006 through September 30, 2008, the infant plaintiff JOHN DOE was caused to be sexually assaulted, raped, physically abused, molested and alike, causing serious injuries thereto.

12. That at all times herein mentioned while lawfully on the aforesaid premises, and specifically from approximately 2006 through September 30, 2008, while lawfully on the aforesaid premises, the infant plaintiff JOHN DOE was caused to be sexually assaulted, raped, physically abused, molested and alike by defendant Jacek Marczewski causing serious injuries thereto.

13. The above mentioned occurrence and resulting injuries sustained by the infant plaintiff JOHN DOE were caused and perpetuated by the negligence and recklessness and careless conduct of the defendants, their agents, servants and/or employees in the ownership, management, maintenance and control of the subject

premises; in failing to ensure that employees did not have a propensity for violent, abusive conduct; in failing to ensure that the premises were at all times safe and/or secure; in failing to perform background checks on employees; in failing to investigate new hires; in failing to properly supervise employees; in failing to properly train employees; in allowing employees with a known propensity for violent, abusive conduct to continue working and/or living at the premises; in employing persons with a known propensity for violent, abusive conduct; in failing to terminate employees with a known propensity for violent, abusive conduct; and in otherwise being negligent in the premises.

14. That no negligence on the part of the infant plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

15. That the defendants knew or in the exercise of reasonable care could and should have known of the dangerous, violent and/or abusive propensities of its employees, servants, and/or agents at the premises.

16. That as a result of the negligence of the defendants, the infant plaintiff JOHN DOE sustained injuries to various parts of his body and nervous system and, upon information and belief, some of his said injuries are of a permanent and/or protracted nature; that by reason thereof he was confined to hospital, bed and home and prevented from attending to his usual business and/or activities and she was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his said injuries.

17. That as a result of the foregoing, the infant plaintiff JOHN DOE has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff begs to repeat, reallege each and every allegation heretofore set forth in the First Cause of Action with the same force and effect as if set forth herein at length.

19. That at all times herein mentioned, the infant plaintiff JOHN DOE was and still is the son of the plaintiff JANE DOE and these plaintiffs lived together and continue to live together; that plaintiff JANE DOE has maintained and still maintains a home for the infant plaintiff JOHN DOE; and that during all of the times herein mentioned, plaintiff JANE DOE was and still is entitled to the household services, society and companionship of her said son..

20. That as a result of the negligence of the defendants, the resultant injuries sustained by the infant plaintiff, the infant plaintiff was for a long time unable to perform her usual activities; that plaintiff JANE DOE was obliged to incur great medical expense for medical aid and attention in an effort to cure and alleviate the infant plaintiff said injuries; that plaintiff JANE DOE was deprived of his said son's services, society and companionship, and has been greatly damaged thereby.

21. That as a result of the foregoing, the plaintiff, JANE DOE has been damaged an amount which exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION

22. Plaintiffs beg to repeat, reallege each and every allegation heretofore set forth in the First Cause of Action and Second Cause of Action with the same force and effect as if set forth herein at length.

23. That by reason of the foregoing, the defendants assaulted, battered and committed sexual assaults upon infant JOHN DOE and thereby caused damage to the plaintiffs.

24. That as a result of the foregoing, plaintiffs has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

### AS AND FOR A FOURTH CAUSE OF ACTION

25. Plaintiffs beg to repeat, reallege each and every allegation heretofore set forth in the First Cause of Action and Second Cause of Action and the Third Cause of Action with the same force and effect as if set forth herein at length.

26. Due to the foregoing the plaintiffs maintain this cause of action against defendant Congregation for negligent hiring, retention and supervision of employees Jacek Marczewski.

27. That as a result of the foregoing, plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

WHEREFORE, Plaintiff demands judgment against the defendants on each cause of action in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter; all together with the costs and disbursements of this action. In addition, plaintiffs demand punitive damages in the amount of TWENTY FIVE MILLION ($25,000,000.00) DOLLARS, due to the wanton and reckless conduct of the defendants in failing to secure the premises in a safe and proper manner.

Dated: New York, New York
August 22, 2011

Yours, etc.,

Robert Vilensky
RONEMUS & VILENSKY

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated: New York, New York
August 22, 2011

_____
Robert Vilensky

Case 1:11-cv-05407-SJ-RER    Document 1    Filed 11/04/11    Page 11 of 11 PageID #: 11

Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070